```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
STEPHEN B. EIGLES
                              *
     Plaintiff,
                              *
          v.                           CIVIL NO.:  WDQ-07-2223
                              *
JONG K. KIM, et al.
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Stephen B. Eigles sued various persons and entities associated with a radiological services business[1] for breach of contract and related claims. Pending is Eigles's motion to file a third amended complaint. For the following reasons, the motion will be granted.

I.   Background

Eigles is a radiologist who practiced with Pro Radiology from January 1, 2004 to April 13, 2007. 2d Am. Compl. ¶ 1. On January 1, 2006, he, J. Kim, and M. Kim formed a general partnership that owned and operated Pro Radiology, M. Kim PA,

---

[1] Eigles sued: Jong Kook Kim; Myung-Sup Kim; J. Kim Radiology Associates, P.A. d/b/a Pro Radiology, P.A. ("Pro Radiology"); Myung-Sup Kim, M.D., P.A. (M. Kim PA); A.D.R., LLC ("ADR"); U.S. Mobile Imaging, LLC ("US Mobile") (collectively the "Kim Defendants"). He also sued Frank G. Gerwig & Associates ("FGA") and Tri-State Management ("Tri-State").

ADR, and Western Maryland PET Imaging, LLC ("WM PET"); they later formed US Mobile. *Id*. Eigles alleges that he paid substantial fees and assumed liabilities for a one-third share of the partnership income. *Id*. ¶ 3. Eigles alleges that in January 2007 he discovered misrepresentations and financial improprieties by the Kim Defendants and their accountants, FGA and Tri-State. *Id*. ¶¶ 2, 50-51. On April 13, 2007, he resigned from the business. *Id*. ¶ 2.

On August 21, 2007, Eigles sued the Kim Defendants, FGA, and Tri-State. Paper No. 1. On August 29, 2007, he amended his complaint before any defendant had been served. Paper No. 2. On March 1, 2008, Judge Davis granted the Defendants' motion to dismiss Eigles's claims for breach of fiduciary duty and fraud[2] and gave leave to file a second amended complaint. Paper No. 31. On March 17, 2008, Eigles requested leave to file his second amended complaint, Paper No. 33; this motion was granted on June 12, 2008, Paper No. 38.

On February 18, 2009, the Court denied the Defendants' motion to dismiss and compel arbitration. Paper No. 69. On May 17, 2009, the Court entered a scheduling order, setting June 26, 2009 as the deadline for amendment of pleadings and

---

[2] The breach of fiduciary duty claim was dismissed with prejudice because Maryland does not recognize it. Paper No. 31 at 5. The fraud claim was dismissed without prejudice for failure to plead with particularity. *Id*. at 7.

joinder of additional parties.  Paper No. 86.  On May 20, 2009, this case was reassigned to Judge Quarles.  On June 26, 2009, Eigles requested leave to file a third amended complaint to join Frank G. Gerwig as a defendant.  Paper No. 89.  On August 27, 2009, the Court questioned its subject matter jurisdiction and denied without prejudice Eigles's motion to file a third amended complaint.[3]  Paper No. 101.  On September 14, 2009, Eigles again requested leave to file a third amended complaint.  Paper No. 108.

II. Analysis

    A.    Standard of Review

A party may amend a pleading after a responsive pleading has been served only with leave of court.  Fed. R. Civ. P. 15(a).[4]  "The court should freely give leave when justice so requires." *Id*.  But it is inappropriate "when the amendment would be prejudicial to the opposing party, there has been bad

---

[3] The Court's order permitted Eigles to refile the motion upon a showing that the Court had jurisdiction.  Paper No. 101 at 3.

[4] When a motion to amend the pleadings is filed after the scheduling order deadline, a movant must first show that he has a "good cause" for seeking modification under Rule 16(b) and then pass the requirements for amendment under Rule 15(a).  *See Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997).  Because the Defendants have not challenged Eigles's showing of "good cause" for a modification of the scheduling order, the Court assumes he met this requirement.

faith on the part of the moving party, or the amendment would be futile."[5]

"[D]elay alone is not a sufficient reason to deny a party leave to amend its pleading," but it is enough when accompanied by bad faith of the movant, futility, or prejudice to the non-movant. *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988). An amendment is futile if it is "clearly insufficient or frivolous on its fact." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Prejudice is often "determined by the nature of the amendment and its timing"; for example, an amendment shortly before trial that raises a new legal theory with new facts may be prejudicial. *Laber*, 438 F.3d at 427.

B.   Leave to File Third Amended Complaint

Eigles seeks to amend his complaint to: (1) add Gerwig as a defendant to his fraud and civil conspiracy counts, (2) include Moonrise as an associated business of the Kims, (3) properly allege complete diversity, and (4) change certain dates. Pl.'s Mot. 2. The Defendants have challenged these amendments on the grounds of prejudice, undue delay, bad faith, and futility.

---

[5] *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (internal quotations omitted)); *accord Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

1.  Adding Defendant Gerwig

The Defendants argue that adding Gerwig as a defendant would be futile because the three-year statute of limitations bars Eigles's fraud and civil conspiracy claims against him. Paper No. 110 at 4.  Eigles contends that the statute of limitations has not run on these claims because he did not discover the fraud until January 2007.  Paper No. 114 at 7-12.

In Maryland, a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636, 431 A.2d 677 (1981).[6] "[W]hether a cause of action is barred by the statute of limitations is ordinarily a mixed question of law and fact that may be taken from the jury only when the court determines as a matter of law that the suit was not instituted within the proper time."  *Dove v. Montgomery County Bd. of Educ.*, 178 Md. App. 702, 712, 943 A.2d 662 (Md. Ct. Spec. App. 2008)(*quoting James v. Weisheit,* 279 Md. 41, 46, 367 A.2d 482 (Md. 1977)).  Because Eigles has alleged that he was unaware of the concealment of partnership financial information until January 2007, his claims against Gerwig may not be time barred.  Thus, amendment to add him as a defendant would not be futile.

---

[6] "If knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code. Ann., Cts. & Jud. Proc. § 5-203 (West 2009).

The Defendants also argue that Eigles unduly delayed joining Gerwig as a defendant and adding him now would prejudice them by increasing the complexity and expense of the litigation. Paper No. 110 at 7, 10.  Eigles argues that the third amended complaint does not add any new facts or legal claims but merely joins Gerwig as a defendant on previously asserted claims. Paper No. 114 at 16.

Amendments that require little additional discovery, arise well before trial, and are not "entirely unexpected" do not unduly prejudice the non-moving party.[7]  Here, a trial date has not been set, and Eigles filed this motion to amend well before the discovery deadline.  As the owner of two defendant companies, FGA and Tri-State, Gerwig has been involved in this suit since its inception.  *See* Paper No. 1.  Thus, his joinder as a defendant is not unexpected and will require little additional discovery.  As the Defendants will not be prejudiced--and delay alone is insufficient to deny a motion to amend--the Court will allow Gerwig to be joined.

    2.   Moonrise Substitution

The Kim Defendants argue that the substitution of Moonrise for WM PET in ¶ 106 of the third amended complaint will require "duplicative discovery" and substantially alters Eigles's legal

---

[7] *See Safeway v. Sugarloaf Parntership, LLC*, 423 F. Supp. 2d 531, 539 (D. Md. 2006); *Gunnings v. Internet Cash Enterprise of Asheville, LLC*, No. 5:06CV98, 2007 WL 1931291, at *3 (W.D.N.C. 2007).

theory and previous factual assertions.[8]  Paper No. 111 at 6, 8. Eigles contends that he made this amendment because he learned in discovery that the Kim Defendants transferred partnership money to Moonrise Properties.  Paper No. 115 at 8.  A complaint may be amended to incorporate information learned in discovery. *See Selman v. American Sports Underwriters, Inc.*, 697 F. Supp. 225, 232 (W.D. Va. 1988).  The Court will allow the substitution of Moonrise in the third amended complaint.

        3.    Complete Diversity and Date Changes

The Kim Defendants argue that Eigles's "attempt to recast the relationship . . . among the parties and to re-characterize their legal responsibilities to each other" has caused "extensive and expensive burden and delay."  Paper No. 111 at 3. Eigles argues that because the Court raised subject matter jurisdiction *sua sponte* and dismissed his original third amended complaint without prejudice, he should be allowed properly to allege subject matter jurisdiction.

Here, the Defendants did not raise the issue of subject matter jurisdiction but proceeded as if it existed.  They will

---

[8] In his second amended complaint, Eigles's requested an accounting from several entities controlled by the Kim Defendants:  Pro Radiology, ADR, US Mobile, and the Kims' "other associated businesses, Summit Radiology Associates, P.A. and WM PET."  Paper No. 72.  In his third amended complaint, Eigles seeks to substitute Moonrise Properties for WM PET.  Contrary to the Kim Defendants' argument, the substitution of one of their associated businesses for another is not a substantial alteration of the factual or legal basis for this claim.

7

suffer no prejudice if the Court now permits amendment of the complaint to allege a proper basis of jurisdiction. Liberal amendment under Rule 15(a) "gives effect to the federal policy in favor of resolving cases on their merits." *Laber*, 438 F.3d at 426. Eigles may amend his complaint to allege jurisdiction.

III. Conclusion

For the reasons stated above, Eigles's motion to file his third amended complaint will be granted.


December 16, 2009                   _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge